UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

| | | |
|---|---|---|
| THE UNITED STATES OF AMERICA<br><br>and<br><br>STATE OF NORTH CAROLINA,<br><br>Plaintiffs,<br><br>v.<br><br>DOMTAR PAPER COMPANY, LLC,<br><br>Defendant. | ) | Civil Action No. |

**COMPLAINT**

Plaintiffs, the United States of America, by the authority of the Attorney General and on behalf of the U.S. Department of the Interior ("DOI") and the National Oceanic and Atmospheric Administration ("NOAA") of the U.S. Department of Commerce, and the State of North Carolina, through the North Carolina Department of Environmental Quality (the "State Trustee") (collectively "Plaintiffs"), allege as follows:

**NATURE OF THE ACTION**

1. Plaintiffs bring this civil action against Domtar Paper Company, LLC ("Defendant") under Section 107(a) of the Comprehensive Environmental Response, Compensation and Liability Act of 1980, as amended ("CERCLA"), 42 U.S.C. § 9607(a), for damages arising from the injury to, destruction of, or loss of natural resources, including the reasonable costs of assessing such injury, destruction, or loss, resulting from the release of hazardous substances in areas at or adjacent to the Weyerhaeuser Co. Plymouth Wood Treating

Plant Superfund Site (the "Site") in Martin County, North Carolina. Defendant owns the Site and is a successor to Weyerhaeuser Co., which owned and operated the Site at the time of the releases of hazardous substances.

## JURISDICTION, VENUE, AND NOTICE

2. This Court has jurisdiction over this case pursuant to 42 U.S.C. §§ 9607(a) and 9613(b) and 28 U.S.C. §§ 1331, 1345 and 1367(a).

3. Venue lies in this district pursuant to 42 U.S.C. § 9613(b), 28 U.S.C. § 1391(b)-(c), because the releases, and damages alleged in the Complaint, occurred within this district.

## DEFENDANT

4. Defendant is a limited liability corporation organized under the laws of Delaware.

5. At times relevant to these allegations, Defendant or its predecessors owned and operated the Site.

## STATUTORY FRAMEWORK

### CERCLA

6. Section 107(a) of CERCLA, 42 U.S.C. § 9607(a), provides, in relevant part, that subject only to the defenses set forth in Section 107(b), 42 U.S.C. § 9607(b):

> (2) any person who at the time of disposal of any hazardous substance owned or operated any facility at which such hazardous substances were disposed of …
> from which there is a release, or a threatened release which causes the incurrence of response costs, of a hazardous substance, shall be liable for … (C) damages for injury to, destruction of, or loss of natural resources, including the reasonable costs of assessing such injury, destruction, or loss resulting from such a release.

7. "Facility" is defined by Section 101(9) of CERCLA, 42 U.S.C. § 9601(9), to include "any building, structure, … well, pit, pond, lagoon, impoundment, ditch, landfill, [or] storage container," as well as "any site or area where a hazardous substance has been deposited, stored, disposed of, or placed, or otherwise come to be located."

8. "Release" is defined by Section 101(22) of CERCLA, 42 U.S.C. § 9601(22), to include "any spilling, leaking, pumping, pouring, emitting, emptying, discharging, injecting, escaping, leaching, dumping, or disposing into the environment."

9. "Disposal" is defined by Section 101(29) of CERCLA, 42 U.S.C. § 9601(29), as having the same meaning as provided in Section 1004 of the Solid Waste Disposal Act. Section 1004(3) of the Solid Waste Disposal Act, 42 U.S.C. § 6903(3), defines "disposal" as "the discharge, deposit, injection, dumping, spilling, leaking, or placing of any solid waste or hazardous waste into or on any land or water so that such solid waste or hazardous waste or any constituent thereof may enter the environment or be emitted into the air or discharged into any waters, including ground waters."

10. "Natural resources" is defined by Section 101(16) of CERCLA, 42 U.S.C. § 9601(16), to include "land, fish, wildlife, biota, air, water, ground water, drinking water supplies, and other such resources belonging to, managed by, held in trust by, appertaining to, or otherwise controlled by the United States … [and] any State or local government."

## GENERAL ALLEGATIONS

11. The Site is near the confluence of Roanoke River and one of its tributaries, Welch Creek, approximately 1.5 miles from the Town of Plymouth and seven miles upstream from Albemarle Sound.

12. Defendant has owned and operated the Site since 2007.

13. A predecessor company of Defendant, Weyerhaeuser Co. ("Weyerhaeuser"), conducted wood and paper manufacturing at the Site from approximately 1957-2007.

14. Weyerhaeuser disposed of untreated waste produced in its operations from the Site that contained dioxins, furans, and mercury.

15. These wastes contaminated groundwater, sediment, soil, and surface water, which reached Welch Creek, the Roanoke River, and the Albemarle Sound. The contaminants, including dioxin, have been identified in fish tissue in Welch Creek, the lower Roanoke River, and the western portion of Albemarle Sound.

16. As a result of these releases of contaminants, Welch Creek, the lower Roanoke River, and the western portion of Albemarle Sound have been subject to State-imposed fish consumption advisories due to dioxin.

17. Pursuant to Section 107(f) of CERCLA, 42 U.S.C. § 9607(f), Executive Order 12580, 52 Fed. Reg. 2923 (Jan. 23, 1987), and the National Contingency Plan, 40 C.F.R. § 300.600, DOI, through the United States Fish and Wildlife Service ("FWS"), has been delegated authority to act as Federal Trustee for certain natural resources impacted by hazardous substances released from the Site, including natural resources in Welch Creek, the Roanoke River, and the Albemarle Sound.

18. Pursuant to Section 107(f) of CERCLA, 42 U.S.C. § 9607(f), Executive Order 12580, 52 Fed. Reg. 2923 (Jan. 23, 1987), and the National Contingency Plan, 40 C.F.R. § 300.600, NOAA has been delegated authority to act as Federal Trustee for certain natural resources impacted by hazardous substances released from the Site, including natural resources in Welch Creek, the Roanoke River, and the Albemarle Sound.

19. Pursuant to 107(f) of CERCLA, 42 U.S.C. § 9607(f) and the National Contingency Plan, 40 C.F.R. § 300.605, the State Trustee has been delegated authority to act jointly as State Trustee for certain natural resources impacted by hazardous substances released from the Site, including natural resources in Welch Creek, the Roanoke River, and the Albemarle Sound.

20. The Trustees have undertaken various natural resource damage assessment activities in the vicinity of the Site, including Welch Creek, the Roanoke River, and the Albemarle Sound. The Trustees have determined that hazardous substances have been released into the environment from the Site, and that natural resources, including fish, have been injured by exposure to hazardous substances released from the Site.

21. Plaintiffs have incurred natural resource damage assessment costs and expenses related to releases of hazardous substances from the Site.

22. Plaintiffs have incurred, and will continue to incur, costs for restoration planning and implementation and monitoring oversight related to finalizing and implementing a restoration plan pursuant to Section 111(i) of CERCLA, 42 U.S.C. 9611(i).

## CLAIM FOR RELIEF

23. Paragraphs 1 - 22 are realleged and incorporated by reference.

24. Defendant is a “person” within the meaning of Section 101(21) of CERCLA, 42 U.S.C. § 9601(21).

25. The Site is a “facility” within the meaning of Section 101(9) of CERCLA, 42 U.S.C. § 9601(9).

26. Dioxins, furans, and mercury are “hazardous substances” within the meaning of Section 101(14) of CERCLA, 42 U.S.C. § 9601(14).

27. Hazardous substances were “disposed” of at the Site within the meaning of Section 101(29) of CERCLA, 42 U.S.C. § 9601(29).

28. Defendant is the current owner of the Site within the meaning of Section 107(a)(1) of CERCLA, 42 U.S.C. § 9607(a)(1).

29. Defendant and/or its predecessor owned and operated the Site at the time of disposal of certain hazardous substances within the meaning of Section 107(a)(2) of CERCLA, 42 U.S.C. § 9607(a)(2).

30. There have been "releases" of hazardous substances from the Site, and therefore from a facility, into the environment within the meaning of Section 101(22) of CERCLA, 42 U.S.C. § 9601(22), including releases of hazardous substances which entered Welch Creek, the Roanoke River, and the Albemarle Sound.

31. Releases of hazardous substances from the Site have caused injury to, destruction of, or loss of "natural resources" under the trusteeship of the Plaintiffs within the meaning of Sections 101(16) and 107(a) of CERCLA, 42 U.S.C. §§ 9601(16) and 9607(a).

32. Plaintiffs have incurred costs in assessing the injury to, destruction of, or loss of natural resources resulting from releases of hazardous substances from the Site within the meaning of Section 107(a) of CERCLA, 42 U.S.C. § 9607(a).

33. Defendant is liable to Plaintiffs for damages resulting from the injury to, destruction of, or loss of natural resources, including the reasonable costs of assessing such injury, destruction, or loss resulting from the releases of hazardous substances from the Site pursuant to Section 107(a)(4)(C) of CERCLA, 42 U.S.C. § 9607(a)(4)(C).

34. Plaintiffs have satisfied all required conditions precedent to the initiation of the action.

**REQUEST FOR RELIEF**

WHEREFORE, the Plaintiffs request that this Court:

(1) Enter a judgment in favor of Plaintiffs against Defendant pursuant to Section 107(a) of CERCLA, 42 U.S.C. § 9607(a), for all damages for injury to, destruction of, or loss of

natural resources resulting from the releases of hazardous substances from the Site, including the reasonable costs of assessing such injury, destruction, or loss resulting from those releases and discharges;

(2) Award the Plaintiffs their costs of this action; and

(3) Grant such other relief as this Court may deem appropriate.

Respectfully submitted,

FOR THE UNITED STATES OF AMERICA

ADAM R. F. GUSTAFSON
Principal Deputy Assistant Attorney General
Energy and Natural Resources Division
U.S. Department of Justice

SHEILA McANANEY
IL Bar No. 6309635
Senior Attorney
Environmental Enforcement Section
Energy and Natural Resources Division
U.S. Department of Justice
P.O. Box 7611
Washington, D.C. 20044
Tel.: (202) 353-5316
Sheila.McAnaney@usdoj.gov

FOR THE STATE OF NORTH CAROLINA

JEFF JACKSON
ATTORNEY GENERAL

T. Hill Davis, III
Special Deputy Attorney General
NC Bar No. 38121
N.C. Department of Justice
Post Office Box 629
Raleigh, North Carolina 27602-0629
(919) 716-6600
hdavis@ncdoj.gov